UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED #: 2/25/10
```

---------------------------------X

MRIDHUL PRAKASH,  :
   :
              Plaintiff,  :
   :
              v.  :     08 Civ. 09482(BSJ)
   :
HILLARY CLINTON, Secretary of  :
State; JANET NAPOLITANO,  :     **ORDER**
Secretary of DHS; ANDREW T.  :
SIMKIN, Consul General of the  :
United States at Chennai, India;  :
Chief of NIV Section of the  :
United States at Chennai, India,  :
   :
   :
              Defendants.  :
---------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Mridhul Prakash ("Plaintiff" or "Prakash")
brings this action against Defendants Hillary Clinton,
Secretary of State; Janet Napolitano, Secretary of the
Department of Homeland Security ("DHS"); Andrew T. Simkin,
Consul General of the United States at Chennai, India; and
the Chief of the Non-Immigrant Visa ("NIV") Section of the
United States at Chennai, India, (collectively, "Defendants"
or "Government").[1] In this action, Plaintiff seeks from this
Court a declaration that the Government's denials of his
visa petitions to enter the United States were improper,

---

[1] Hillary Clinton ("Clinton") has succeeded Condoleezza Rice ("Rice") as
Secretary of State, and Janet Napolitano ("Napolitano") has succeeded
Michael Chertoff ("Chertoff") as Secretary of the Department of
Homeland Security; accordingly, Clinton and Napolitano must be
substituted as defendants, pursuant to Fed. R. Civ. P. 25(d)(1).

and an order directing the Consulate to adjudicate his visa petition. Plaintiff brings this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), the Immigration and Nationality Act, § 214(b), 8 U.S.C. § 1329, 9 FAM 41.121 ("INA"), and the federal question statute, 28 U.S.C. §1331.

On May 13, 2009, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), and, in the alternative, for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). As Plaintiff, who is represented by counsel, has not responded to the Motion, the Court will decide the Motion unopposed.

For the reasons set forth below, Defendants' Motion to Dismiss for improper venue is GRANTED. As a result, the Court will not reach the issue of subject matter jurisdiction.[2]

**BACKGROUND**

The facts in this case are undisputed. Plaintiff is an Indian citizen, currently residing in Bangalore, India.

---

[2] "Federal courts possess authority, presumably springing from inherent power to manage their affairs efficiently, 'to choose among threshold grounds for denying audience to a case on the merits.'" Turedi v. Coca Cola Co., 460 F. Supp. 2d 507 (S.D.N.Y. 2006)(citing Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 585, 119 S. Ct. 1563, 143 L.Ed. 760 (1999)).

(See Complaint for Declaratory Relief, dated November 3,
2008 ("Compl."), at 4.) He has visited the United States as
a nonimmigrant on a number of occasions in the past. He
first entered pursuant to an F-1 (student) visa in March
1996, and completed a Master of Business Administration
program at Wright State University in Dayton, Ohio. (Id.)
In April 1999, his petition for an H-1B visa was approved,
allowing him to work as a program manager for a computer
company. (Id.) In June 1999, the Consulate issued the H-1B
visa, which the State Department revalidated in July 2001.
(See Declaration of Chloe Dybdahl ("Dybdahl Dec."), ¶ 4.)[3]
Between May 2000 and January 2003, Plaintiff changed
employers in the United States, and transferred his H-1B
status, four times. (Compl. at 4-5.) In 2003, his then
employer, Commsys Inc., allegedly initiated the process of
filing an employment-based immigrant visa petition on his
behalf. (Id. at 5.)

In August 2003, while he was still employed by Commsys
Inc., Prakash and a business associate, Doug Dodson
("Dodson"), founded Strategix, Inc., a corporation
providing business outsourcing solutions. (Id. at 5.) In

---

[3] Consideration of the Dybdahl Declaration is proper in ruling on
Defendants' motion under Rule 12(b)(3). See ESI, Inc. v. Coastal Power
Prod. Co., 995 F.Supp. 419, 422 (S.D.N.Y. 1998) (finding that parties
may submit affidavits and other materials to support their position on
improper venue.)

April 2005, Prakash returned to India, purportedly with the
"intention to re-locate in India and manage all Indian
operations of behalf of Strategix." (Id.) In October 2005,
while still living in India, Prakash was terminated from
Strategix, resulting in a protracted business dispute
between Prakash and Dodson. (Id. at 6.) Part of this
dispute was conducted in an email exchange, which is
attached to the Complaint. (Id., Exs. N, O, P.) One of
Plaintiff's emails contained, in relevant part, the
following statements:

> . . . coming to the US used to be a big priority of
> mine. Not any more. (Have you heard about the
> psychology of a suicide bomber - research has shown
> that if a Suicide bomber has decided to trade their
> life for another persons - there is not much anyone
> can do. Think about this deeply and apply it to this
> situation - think Kamikazee [sic], think Gaza - not
> just think- but apply as well).

(Id., Ex. P, at 3.) According to Plaintiff, Dodson
forwarded this email to the State Department. (Compl. at
8.) In November 2005, Plaintiff was issued a B-1
nonimmigrant visa, valid for a ten-year period. (Id. at 9;
Ex. B.) The State Department, however, revoked that visa on
February 17, 2006. (See Dybdahl Dec., ¶ 5.) On February 22,

4

2006, Plaintiff arrived at the Dallas/Fort Worth Airport,
on a flight from India via Germany; he claims he intended
to stay for "four weeks" for a business-related
trip. (Compl. at 9.) Upon arrival, he was referred to
passport control and a United States Customs and Border
Patrol officer interviewed him. (Id.; see also id. Ex. Q at
1.) The officer began the interview by warning Plaintiff
that he might be "denied admission [to the United States]
and immediately returned to [his] home country without a
hearing." (Id., Ex. Q, at 1.) Plaintiff stated that he
understood this warning. (Id.) The officer further advised
Plaintiff that he might be entitled to further review if he
feared persecution or torture in his home country, id.;
Plaintiff stated that he had no such fear, id. at 7. After
questioning Plaintiff, the officer determined that he was
inadmissible to the United States pursuant to §§
212(a)(3)(A)(ii) and 212(a)(7)(B)(i)(II) of the INA, 8
U.S.C. § 1182(a)(3)(A)(ii) (rendering inadmissible any
alien who a consular officer "knows, or has reason to
believe, seeks to enter the United States to engage . . .
[in] unlawful activity"), as well as § 1182(a)(7)(B)(i)(II)
(rendering inadmissible an alien without a valid
nonimmigrant visa). (Ex. Q at 2.) Accordingly, Plaintiff
was permitted to withdraw his application for admission to

the United States, and to return to India via Germany on
the next available flight. (Id.; Compl. at 9.)

Plaintiff returned to India and submitted a new B visa
petition to the Consulate on April 27, 2006. (See id. at
12; Dybdahl Dec., ¶ 6.) The Consulate denied the petition
pursuant to section 214(b) of the INA, 8 U.S.C. § 1184(b),
which requires an alien applying for a nonimmigrant visa to
demonstrate to the satisfaction of the consular officer
that he does not intend to immigrate permanently to the
United States. (Id.; Compl. Ex. Z.) Plaintiff submitted
another B visa petition to the Consulate on November 13,
2006, which was also denied pursuant to INA § 214(b).
(Dybdahl Dec., ¶ 6.) He submitted yet another petition on
November 28, 2007; this petition was denied for the same
reason. (Id.)

On November 3, 2008, Plaintiff initiated the instant
action in this Court. In his Complaint, he contends that
the consular officers made a number of errors in
adjudicating his three most recent visa petitions,
essentially arguing that their reasons for denying his visa
were pretextual. Specifically, he contends that they
"violat[ed] the legislative intention of INA § 214(b)," and
"abused [their] discretion by refusing visa using INA §
214(b) for reasons totally unrelated to INA § 214(b)." (Id.

6

at 16.) He further argues that in doing so, the officers violated a number of State Department regulations governing visa issuance. (Id. at 15-18.) Finally, he contends that by failing to give "full consideration" to the evidence he submitted to overcome the presumption of visa ineligibility, they violated due process and international law. (Id. at 17-22.)

## LEGAL STANDARD

On a motion to dismiss a complaint under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." French Transit v. Modern Coupon Sys., 858 F. Supp. 22, 25 (S.D.N.Y. 1994). "Absent a formal hearing, a plaintiff need only make a prima facie showing of venue to defeat the motion." Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Transp. Corp., No. 07 Civ. 11276 (DC), 578 F. Supp. 2d 584, 2008 U.S. Dist. LEXIS 72858, at *21 (S.D.N.Y. Sept. 24, 2008). The Court "has to accept facts alleged in the complaint as true and must construe all reasonable inferences in favor of the plaintiff." Cent. National-Gottesman, Inc. v. M.V. Gertrude Oldendorff, 204 F. Supp. 2d 675, 677 (S.D.N.Y. 2002). The Court may "consider documents referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of and relied on in bringing suit."

7

Concesionaria DHM, S.A. v. Int'l Fin. Corp., 307 F. Supp.
2d 553, 555 (S.D.N.Y. 2004) (citing Brass v. Am. Film
Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); Tropp v.
Corp. of Lloyd's, No. 07 Civ. 414 (NRB), 2008 U.S. Dist.
LEXIS 30635, at *36 n.77 (S.D.N.Y. Mar. 25, 2008) (holding,
on motion to dismiss under Rule 12(b)(3), Court "may also
consider any documents outside the pleadings that are
relevant to the question of venue").

## DISCUSSION

Defendants' argue that Plaintiff's claims are not
properly before this Court because the Southern District of
New York is not a proper venue. (Defs.' Mem. of Law in
Supp. of Their Mot. to Dismiss the Compl. at 14-16.)
Although Plaintiff relies on the general venue statute, 28
U.S.C. § 1391, its only applicable subsection provides that
where a defendant is an officer or agency of the United
States Government, venue is properly located only in the
District where: (1) the defendant resides; (2) a
substantial part of the events or omissions giving rise to
the claim occurred; or (3) the plaintiff resides (if no
real property is involved in the action). Id. § 1391(e). It
is well settled that the Plaintiff bears the burden to
demonstrate that venue is proper. See, e.g., PI, Inc. v.
Quality Products, Inc., 907 F. Supp. 752, 757 (S.D.N.Y.

1995).

Plaintiff has not met this burden because none of the
conditions in 28 U.S.C. § 1391(e) has been met. First,
Plaintiff plainly resides outside this District: he admits
in the Complaint that his "current" address is in
Bangalore, India. (See Compl. at 4.) Plaintiff does not
even allege that he has ever lived within the Southern
District of New York; rather, he merely "claims a right to
reside in the State of New York," then concludes, without
explanation, that he is "hence, within this Court's
jurisdiction." (Id. at 3.) Notwithstanding the general
principle favoring a plaintiff's choice of forum, this
choice carries little weight absent any allegation of a
concrete connection to this district. See, e.g., Kreinberg
v. Dow Chemical Co., 496 F. Supp. 2d 329, 330-31 (S.D.N.Y.
2007) (this District not a proper venue where none of the
parties resided here and operative events took place in
Michigan); Nieves v. American Airlines, 700 F. Supp. 769,
772 (S.D.N.Y. 1988) (plaintiff's choice is given "reduced
emphasis" where the "operative facts upon which the
litigation is brought bear little material connection to
the chosen forum"). Plaintiff's choice thus carries little
weight here.

Nor do any of the named Government defendants reside

or operate in this District; rather, the Secretaries of State and Homeland Security both live and operate in Washington, D.C., and the consular officials named as defendants necessarily live and operate in Chennai, India. Moreover, no Government official in this District is alleged to have taken part in any activity complained of.

Indeed, the Complaint does not even mention any official or action in New York, but rather focuses largely on the processing of Plaintiff's visa petitions by Consulate officials in India, see Compl. at 12-15, and to a lesser extent, on Plaintiff's attempted entry into the United States through Dallas, Texas in February 2006, id. at 9. Thus, Plaintiff has provided no basis for his claims to be considered by this Court in particular. Blacher v. Ridge, 436 F. Supp. 2d 602, 608 (S.D.N.Y. 2006) (holding that "this District is not the proper venue because neither the plaintiff nor the defendants reside in this district, and none of the complained of activity occurred in this District"); see also, e.g., Emmerling v. Cobb, 642 F. Supp. 1075, 1075-76 (D. Mass. 1986) (dismissing complaint for improper venue where alien sought review in District of Massachusetts of visa denial by INS district director in Maine, and none of the parties resided in Massachusetts).
**CONCLUSION**

For the reasons set forth above, Defendants' Motion is GRANTED and Plaintiff's Complaint is DISMISSED in its entirety. The Clerk of the Court is ordered to close this case.


**SO ORDERED:**

Barbara S. Jones
UNITED STATES DISTRICT JUDGE


Dated:     New York, New York
           February 22, 2010

11